IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN V. APOLLO,

    Petitioner,                       No. 2:09-3609 KJN P

    vs.

K. DICKINSON,                         <u>ORDER AND</u>

    Respondent.                 <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding without counsel with an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 18, 2010, respondent filed a motion to dismiss this action as barred by the statute of limitations. On April 9, 2010, petitioner filed an opposition. On April 22, 2010, respondent filed a reply. For the reasons set forth below, the court orders that respondent's motion be granted and this case be closed.

        On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

1

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner pled guilty to second degree robbery. (Dkt. No. 1 at 1.) On October 8, 1996, petitioner was sentenced to twenty-five years to life with the possibility of parole. (Id.)

2. Petitioner appealed his sentence. On March 27, 1997, the California Court of Appeal dismissed the appeal at petitioner's request. (Respondent's Lodged Document ("LD") 2.)

3. Petitioner did not seek review in the California Supreme Court.

4. On August 29, 2007,[1] petitioner filed a petition for writ of habeas corpus in the El Dorado County Superior Court. (LD 3.) The petition was denied on September 24, 2007. (LD 4.) The El Dorado County Superior Court found petitioner failed to explain any reason for the ten year delay in filing the writ, citing In re Clark, 5 Cal.4th 797 (1993).

5. On October 17, 2007, petitioner filed a petition for writ of habeas corpus in the

---

[1] Petitioner has been given the benefit of the mailbox rule for the filing dates of the petitions for writ of habeas corpus. (LD 3, 5, 7; Dkt. No. 1.) Houston v. Lack, 487 U.S. 266 (1988).

California Court of Appeal, Third Appellate District.  (LD 5.)  The Court of Appeal denied the petition on November 15, 2007, without comment.  (LD 6.)

   6.  Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on November 12, 2008.  (LD 7.)  The California Supreme Court denied the petition on May 13, 2009, with a citation to In re Robbins, 18 Cal.4th 770, 780 (1998).  (LD 8.)

   7.  The instant action was filed on December 28, 2009.  (Dkt. No. 1.)

When a habeas petitioner dismisses the direct appeal, and fails to file a petition for review in the California Supreme Court, the state appeal process becomes final when the time for filing a petition for review expired.  Here, the direct appeal was dismissed on March 27, 1997, and the time for filing the petition for review expired ten days later, on April 6, 1997.  California Rules of Court, rule 28 (now rule 8.500).  The AEDPA statute of limitations period began to run the following day, on April 7, 1997.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Absent tolling, petitioner's federal petition was due on April 6, 1998.

Petitioner did not file a state habeas petition until August 29, 2007.  State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  Therefore, petitioner's habeas petitions filed in state court have no effect on the limitations period.

The instant petition was not filed until December 28, 2009, over eleven years after the April 6, 1998 statute of limitations period expired.  Accordingly, absent a proper basis for equitable tolling, the instant petition is untimely.

The court turns now to the doctrine of equitable tolling.  To be entitled to equitable tolling, petitioner bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Here, petitioner has not demonstrated that he has pursued his claims diligently.

3

1  Petitioner waited over twelve years between the dismissal of his appeal in the California Court of
2  Appeal on March 27, 1997, and December 28, 2009, the date he filed the instant petition.  Even
3  after petitioner contends he became aware of his claims in September 2007 (dkt. no. 11 at 2),
4  petitioner waited an unreasonable period of time between the filing of his second state court
5  petition on October 17, 2007, and the filing of his third state court petition on November 12,
6  2008.  Evans v. Chavis, 546 U.S. 189, 197 (2006); Gaston v. Palmer, 447 F.3d 1165, 1166 (9th
7  Cir. 2006) (delays of eighteen, fifteen and ten months are unreasonable).  Petitioner delayed
8  almost thirteen months between his second and third state court petitions for writ of habeas
9  corpus.  This record reflects two separate periods of time in which petitioner failed to diligently
10 pursue his rights.  Pace, 544 U.S. at 418-19.  Therefore, petitioner has not satisfied his burden of
11 establishing that he acted diligently in filing his federal petition.

12         Petitioner has also failed to demonstrate that he encountered extraordinary
13 circumstances that prevented him from filing his federal petition in a timely fashion.  Petitioner
14 argues he suffered ineffective assistance of counsel causing this delay.  However, only in
15 extraordinary or egregious cases will the ineffective assistance of counsel warrant equitable
16 tolling.  Holland v. Florida, 130 S.Ct. 2549 (2010).  Petitioner has not pled any facts suggesting
17 appointed appellate counsel's conduct was deceptive or egregious.

18         Petitioner also claims he is not a student of the law and does not know the
19 mechanics of criminal or civil law.  (Dkt. No. 11 at 2.)  However, petitioner's lack of knowledge
20 of the law does not establish "extraordinary circumstances" preventing him from timely filing a
21 federal habeas petition.  The Ninth Circuit has held that a petitioner's pro se status and claims of
22 ignorance of the law are insufficient to justify equitable tolling.  See Raspberry v. Garcia, 448
23 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by
24 itself, an extraordinary circumstance warranting equitable tolling"); Hughes v. Idaho State Bd. of
25 Corr., 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of
26 law unfortunate, but insufficient to establish cause); Fisher v. Ramirez-Palmer, 219 F.Supp.2d

4

1076, 1080 (E.D. Cal. 2002) ("[I]gnorance of the law does not constitute such extraordinary circumstances."); Sperling v. White, 30 F.Supp.2d 1246, 1254 (C.D.Cal. 1998) (citing with approval cases from various circuits rejecting equitable tolling based on petitioner's lack of legal experience or illiteracy).  Accordingly, petitioner's lack of knowledge of the law does not justify equitable tolling of the limitations period.

For all of the above reasons, petitioner is not entitled to equitable tolling, and respondent's motion to dismiss should be granted as this action is time-barred.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that respondent's March 18, 2010 motion to dismiss (dkt. no. 9) be granted and this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the

////
////
////
////
////

1  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED:  November 4, 2010

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

6  apol3609.mtd